# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WALTER F. SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:03-CV-1160 CAS |
| ) | |
| MCNEARNEY & ASSOCIATES, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant McNearney and Associates, L.L.C.'s ("McNearney") motion for bill of costs. Plaintiff Walter F. Scott has not opposed the motion. For the reasons set forth below, the Court will grant the motion.

## I. Background

McNearney requests costs in the amount of $295.50. Generally, allowable costs are limited to the categories set forth in 28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them. See Briscoe-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2006) (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987)). Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, the Court must carefully scrutinize the claimed costs and the support offered for them. Alexander v. National Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982), cert. denied, 461 U.S. 937 (1983). The Court will now examine McNearney's bill of costs.

## II. Discussion

### A. Fees of the Court Reporter and Transcripts

McNearney first requests $206.00 to cover the cost of plaintiff's deposition transcript. Pursuant to 28 U.S.C. 1920(2), the Court may tax fees of the court reporter. "When an expense is taxable as a cost, . . . there is a strong presumption that a prevailing party shall recover it in full measure." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation omitted). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." Id. (internal citation and quotation omitted). Scott has not objected to the taxing of these costs. Therefore, the Court finds that the costs of the court reporter and transcript were reasonable and will tax these costs in the amount requested.

### B. Fees for Exemplification and Copies of Papers

McNearney next seeks the sum of $89.50 in connection with fees for exemplification and copies of papers. The itemized charges for copies include: (1) $18.50 for certified copies of documents from the Bankruptcy Court for the Eastern District of Missouri and (2) $71.00 for certified copies from the St. Louis City Recorder of Deeds.

Copying costs must be "necessarily obtained for use in the case" in order to be taxed. 28 U.S.C. § 1920(4); Morrissey v. County Tower Corp., 568 F. Supp. 980, 982 (E.D. Mo. 1983). Amounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate the defendant's request. Yaris v. Special Sch. Dist. of St. Louis County, 604 F. Supp. 914, 915 (E.D. Mo. 1985), aff'd, 780 F.2d 724 (8th Cir.), cert. denied, 476 U.S. 1172

(1986). The Court will consider whether McNearney has shown that each category of requested copy costs: (1) was necessarily incurred for use in the case, and (2) is adequately documented.

McNearney supplemented its bill of costs with an itemized sheet specifying the reason for the copies. This sheet includes a clear description of each document. McNearney also submitted the Affidavit of Attorney Eric O. Wolfgram as evidence that the copies were necessary and made in connection with the case. Scott has not challenged McNearney's fee request. Based on the foregoing, McNearney has demonstrated that the copy costs were both necessary and adequately documented. Accordingly, the Court will grant costs for these expenses.

**III. Conclusion**

The Court will award McNearney costs in the amount of $295.50. Specifically, the Court will award $206.00 for fees of the court reporter and transcript; and $89.50 for fees for exemplification and copies of papers.

Accordingly,

**IT IS HEREBY ORDERED** that defendant McNearney and Associates, L.L.C.'s motion for bill of costs is **GRANTED.** [Doc. 151]

**IT IS FURTHER ORDERED** that defendant McNearney and Associates, L.L.C. is awarded costs in the amount of $295.50 (Two Hundred Ninety-Five Dollars and Fifty Cents).

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 10th day of August, 2006.